Dear Mr. St. Romain:
You have asked this office to advise you if you may continue to hold full-time employment with the Avoyelles Parish Police Jury as Superintendent of Roads and Bridges if you are elected as Mayor of the Town of Plaucheville.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. Certain combinations of public office and employment may not be held together at the same time under this law, but before the statutory prohibitions may be considered, the positions proposed to be held must first be categorized according to the dual officeholding definitions provided in La.R.S. 42:62.
First, a mayor holds elective office[1] in the political subdivision[2] of a municipality. Second, the position of Superintendent of Roads and Bridges, as described, constitutes employment in the political subdivision of the parish as defined by the dual officeholding law.[3]
We point out here that we have not been provided any information indicating that the position of Superintendent of Roads and Bridges is considered an appointive *Page 2 office for purposes of the dual officeholding law. An individual holds an appointive office, rather than employment, where the position is established by the constitution, statutes, home rule charter provisions or ordinances of a municipality or parish, and the position is appointed by another elected or appointed official, or a body of officials. La.R.S. 42:62(3). Because the position of Superintendent of Roads and Bridges is employment rather than appointive office, that portion of La.R.S. 42:63(D) which prohibits a person from holding local elective office and at the same time holding full-time appointive office is inapplicable.
Further, of relevance here is La.R.S. 42:63(D), providing in part that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . employment . . . in the same political subdivision in which he hold an elective office." The definition provided in La.R.S. 42:62(9) classifies the parish and the municipality as separate political subdivisions. While La.R.S. 42:63(D) prohibits one from holding local elective office and employment in the same political subdivision, the law does not prohibit one from holding at the same time elective office and employment in separate political subdivisions.
Accordingly, it is the opinion of this office that La.R.S. 42:63(D) does not prohibit you from holding full-time employment with Avoyelles Parish as Superintendent of Roads and Bridges and at the same time serving as the Mayor of the Town of Plaucheville should you be elected to that office.
This opinion is limited to an examination of state law regulating dual officeholding and employment. Ethical concerns raised by these circumstances must be submitted to the Louisiana State Board of Ethics for review and resolution. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(1) defines elective office to mean "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."
[2] La.R.S. 42:62(9) defines political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
[3] La.R.S. 42:62(3) defines "employment" to mean "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."